UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

LOGAN C. STOVER,

        Plaintiff,

vs.

CLEARWATER COUNTY and
CLEARWATER COUNTY JAIL,

        Defendants.

Case No. 3:26-cv-00046-AKB

**INITIAL REVIEW ORDER
BY SCREENING JUDGE**

The Court is required to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious; fail to state a claim upon which relief may be granted; or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff Logan Stover's Complaint is subject to screening. (Dkt. 2). Upon review of the Complaint, the Court has determined that Plaintiff may not proceed but must take additional steps.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

First, it is unclear whether Plaintiff intended to file his case in federal or state court. The caption of the Complaint shows "the District Court of Clearwater County, State of Idaho." (Dkt. 2 at 1).

Second, the cause of action asserted is negligence, which is not a federal claim. *See Daniels v. Williams*, 474 U.S. 327 (1986) (holding that gross negligence and ordinary negligence are not actionable under the federal Civil Rights Act, because such actions are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person").

To state a civil rights action under 42 U.S.C. § 1983, a plaintiff must present facts alleging deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means the defendant knew of and recklessly disregarded "an excessive risk to inmate health or safety," *id*. at 837; that is, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Plaintiff's allegations must meet the deliberate indifference standard, not a negligence standard, if he desires to proceed in federal court.

Third, Plaintiff has stated no facts at all. Plaintiff alleges that an unnamed government actor's negligence caused an injury, but "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient to state a § 1983 claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must state the "who, what, where, when, how, and why" of his cause of action if he desires to attempt to state a federal claim.

For all of these reasons, Plaintiff may not proceed. Accordingly, **IT IS ORDERED** that Plaintiff shall file one of the following within 21 days after entry of this Order: (1) a request to transfer his case to the state district court in Clearwater County; (2) an amended complaint stating

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

a federal cause of action; or (3) a notice of voluntary dismissal. Failure to take one of these actions will result in dismissal of this action without prejudice, without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Applications to Proceed in Forma Pauperis (Dkts. 1, 6) are DENIED as MOOT, pending Plaintiff's decision of how he desires to proceed.

DATED: June 18, 2026

*Amanda K. Brailsford*

Amanda K. Brailsford
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**